UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARTE S. AGUILAR, JR., <br><br> Plaintiff, <br><br> -against- <br><br> KIRSCHENBAUM & PHILLIPS PC, <br><br> Defendant. | CASE NO: 2:11-cv-01085-SJF-WDW <br><br> LETTER MOTION - PLAINTIFF SEEKING LEAVE TO FILE A FIRST AMENDED COMPLAINT |

Dear Honorable William D. Wall,

The instant Letter Motion filed by Plaintiff Ricarte S. Aguilar, Jr., by and through his Counsel, seeks leave for Plaintiff to file a First Amended Complaint. A copy of Plaintiff's draft First Amended Complaint is attached hereto as Exhibit A.

### BRIEF SYNOPSIS OF RELEVANT PROCEDURAL EVENTS

On March 7, 2011 Plaintiff filed his one count complaint against Defendant alleging violations of the Fair Debt Collection Practices Act [Doc 1]. Recently, during informal discovery, Plaintiff became aware of voice recordings produced by Defendant that evidence further violations not previously alleged in Plaintiff's Complaint. On or about August 30, 2011 Plaintiff informed Defendant that he intended to amend the Complaint if the matter could not be resolved. Plaintiff now seeks leave to file a First Amended Complaint.

### MEET AND CONFER CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff has meet and conferred with Counsel for Defendant and Defendant has stated it would oppose the instant motion.

## THE COURT HAS AUTHORITY TO ALLOW THE AMENDED PLEADINGS

Federal Rule is Fed. R. Civ. P. 15 which states in pertinent part:
> (a) Amendments Before Trial.
>> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Courts have held that leave to amend, though liberally granted, may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 at 227 (1962)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981); *see also* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d,* § 1487, at 613 (1990 & 2007 Supp.) (citing prejudice to the opposing party as "the most important factor" and "the most frequent reason for denying leave to amend").

## GOOD CAUSE EXISTS IN GRANTING THE INSTANT MOTION

Plaintiff has not delayed in bringing the instant motion and no prejudice exists to Defendant. Immediately upon learning of the violations Plaintiff's Counsel provided notice to Defendant of its intentions to amend the Complaint if the parties could not reach settlement. The information only recently became available to Plaintiff by way of Defendant's production of certain documents and communications between the parties and the recordings have been in the possession of Defendant since the inception of the litigation. Thus no prejudice or undue delay is present in this instance.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant leave for Plaintiff to file the attached First Amended Complaint – attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED:

Dated: September 21, 2011          KROHN & MOSS, LTD.


By: /s/ Shireen Hormozdi
Shireen Hormozdi
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Telephone:  323-988-2400
Telefax:  866-385-1408
shormozdi@consumerlawcenter.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on September 21, 2011, I electronically filed the foregoing **LETTER MOTION**, with Clerk of the Court using CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Michael L. Kohl**
Email: mkohl@collectlaw.com

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Attorney for Plaintiff