FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    MAY 1 5 2012    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICARTE S. AGUILAR, JR.,

                Plaintiff,

**ORDER**
-against-                                         11-CV-1085 (SJF)(WDW)

KIRSCHENBAUM & PHILLIPS, P.C.,

                Defendant.
------------------------------------------------------------X
FEUERSTEIN, United States District Judge:

I.    BACKGROUND

On March 7, 2011, plaintiff Ricarte S. Aguilar, Jr. ("plaintiff") commenced this action against defendant Kirschenbaum & Phillips, P.C. ("defendant") alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. At a pretrial conference before me on September 14, 2011, *inter alia*, discovery was referred to the Honorable William D. Wall, United States Magistrate Judge, and a final pretrial conference was scheduled to be held before me on January 25, 2012. On September 19, 2011, Magistrate Judge Wall issued a scheduling order directing, *inter alia*, that all discovery be completed and a joint pretrial order be filed on or before January 10, 2012.

On September 21, 2011, plaintiff moved for leave to file an amended complaint. By order entered December 20, 2011, plaintiff's motion was granted. On December 28, 2011, plaintiff filed an amended complaint in accordance with the December 20, 2011 order.

On or about January 17, 2012, after the deadlines for the completion of discovery and the filing of a joint pretrial order set forth in Magistrate Judge Wall's scheduling order had expired,

1

Krohn & Moss, Ltd. ("K&M"), counsel for plaintiff, requested that Magistrate Judge Wall adjourn the final pretrial conference scheduled to be held before me on January 25, 2012 for thirty (30) days due to their inability to contact or otherwise communicate with plaintiff since early December of 2011. By order entered January 18, 2012, Magistrate Judge Wall denied the motion on the basis that the application should have been directed to me. On that same date, K&M renewed its application to adjourn the final pretrial conference before me. By order entered January 24, 2012, I denied K&M's motion.

On the same date that their motion to adjourn the final pretrial conference was denied, K&M moved to withdraw as counsel for plaintiff pursuant to Local Civil Rule 1.4 based upon "irreconcilable differences." At the final pretrial conference held before me on January 25, 2012, Jacqueline Zore-Smrek, Esq. ("Zore-Smrek"), local counsel appearing for K&M on behalf of plaintiff, represented that K&M's motion to withdraw had been served upon plaintiff on January 24, 2012 and that counsel had spoken with plaintiff the previous week and advised him of K&M's intention to seek to withdraw as his counsel at that time. The final pretrial conference was then adjourned until March 14, 2012.

On January 26, 2012, I issued an order: (1) directing plaintiff to show cause, by filing an affidavit on or before February 10, 2012, why K&M's motion to withdraw as his attorney should not be granted; (2) advising plaintiff that in the event he does not timely oppose the motion to withdraw, he must either (a) retain new counsel, who shall file a notice of appearance on his behalf on or before March 12, 2012, or (b) proceed *pro se* in this action; (3) directing plaintiff to appear, either *pro se* or by new counsel, at the final pretrial conference scheduled to be held before me on March 14, 2012; (4) otherwise staying this action in the interim; and (5) directing

K&M to personally serve plaintiff with a copy of the order. On January 27, 2012, Zore-Smrek served and filed a separate motion to withdraw as counsel for plaintiff, to which she attached a copy of the order to show cause. On February 20, 2012, K&M filed a certificate of service indicating that plaintiff had been personally served with a copy of the order to show cause on February 2, 2012.

To date, plaintiff has not responded to the order to show cause, filed any opposition to K&M's or Zore-Smrek's motions to withdraw or taken any steps to prosecute this action *pro se*, and no new attorney has filed a notice of appearance on his behalf. Accordingly, K&M's and Zore-Smrek's motions to withdraw are granted.

On February 1, 2012, defendant cross-moved for sanctions to be imposed against K&M pursuant to 28 U.S.C. § 1927 for "unreasonabl[y] and vexatiously multipl[ying] * * *the proceedings in this matter" by filing the amended complaint containing plaintiff's original verification. K&M has opposed the cross motion for sanctions.

Plaintiff failed to appear, either *pro se* or by counsel, at the final pretrial conference held before me on March 14, 2012. Accordingly, the final pretrial conference was again adjourned until May 14, 2012 and defense counsel was directed to serve and file a motion to dismiss this action based upon plaintiff's failure to prosecute. Defense counsel moved to dismiss this action based upon plaintiff's failure to prosecute in accordance with the Court's directive. Plaintiff has not opposed the motion to dismiss; has not otherwise communicated with the Court or taken any steps to prosecute this action for at least five (5) months, i.e., the time indicated in K&M's letter seeking an adjournment of the final pretrial conference that they started making "repeated attempts to contact [plaintiff] in order to prepare for pretrial proceedings * * *;" and failed to

3

appear on the rescheduled conference date of May 14, 2012.

II. DISCUSSION

A. Dismissal

A district court may dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for, *inter alia*, failure to prosecute or to comply with a court order. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (holding that Rule 41(b) explicitly sanctions dismissal of an action for failure to prosecute); U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 250 (2d Cir. 2004) (holding that a district judge's authority to dismiss an action based upon a plaintiff's failure to prosecute is expressly recognized by Rule 41(b)). Similarly, a court may dismiss an action for the plaintiff's failure to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(A)(v); or for the plaintiff's failure to appear at a scheduling or other pretrial conference or to obey a scheduling or other pretrial order, Fed. R. Civ. P. 16(f). See Chambers v. NASCO, Inc., 501 U.S. 32, 43 n. 8, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (stating that, generally, a court may impose sanctions under the Federal Rules of Civil Procedure, including, *inter alia*, Rule 16(f)); Houghton v. Culver, — Fed. Appx. —, 2012 WL 917272, at * 1 (2d Cir. Mar. 20, 2012) (summary order) (recognizing that Rule 16(f) authorizes dismissal of action as a sanction for failure to participate in pretrial conferences); Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (recognizing that dismissal of an action is justified if the court finds that the failure to comply with a discovery order was due to the willfulness, bad faith or any fault of the plaintiff); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (holding that a failure to comply with court orders may result in sanctions, including

4

dismissal of the action with prejudice, pursuant to Rule 37).

There is little distinction whether a dismissal is made pursuant to Rule 37(b) or Rule 41(b) of the Federal Rules of Civil Procedure. See Sterling Promotional Corp. v. General Accident Inc. Co. of New York, 86 Fed. Appx. 441, 443 (2d Cir. Jan. 6, 2004); Peters-Turnbull v. Board of Education of City of New York, 7 Fed. Appx. 107, 110 (2d Cir. Apr. 5, 2001); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Sanders, 2008 WL 2117261, at * 2. Moreover, the same standards are applied to a dismissal under Rule 16(f) as are applied to a dismissal under Rule 37(b). See Carter v. Jablonsky, 121 Fed. Appx. 888, 888 (2d Cir. Jan. 27, 2005); Salahuddin v. Harris, 782 F.2d 1127, 1133 (2d Cir. 1986).

In considering whether to dismiss an action for failure to prosecute, to comply with a discovery order or to participate in a pretrial conference, courts must consider the following factors, although no one factor is dispositive: (1) the duration of the plaintiff's failures or non-compliance; (2) whether the plaintiff was on notice that the delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by any further delay in the proceedings; (4) whether the court's interest in managing its docket outweighs the plaintiff's interest in receiving an opportunity to be heard; and (5) whether a lesser sanction is available and would be effective. See Platinum Funding Corp. v. Bosselli Studios Ltd., No. 08-3130-cv, 2010 WL 725810, at * 1 (2d Cir. Mar. 4, 2010); Lewis, 564 F.3d at 576. Rules 16(f) and 37(b) also require a finding of willfulness, bad faith or fault on the part of the plaintiff. See Southern New England Tel. Co., 624 F.3d at 144; Agiwal, 555 F.3d at 302-3.

1. Duration

Plaintiff's failure to prosecute, or to cooperate in the prosecution of, this action in any manner since as early as December 2011 is sufficient to warrant dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. See, e.g. Brow v. City of New York, No. 09-4171-cv, 2010 WL 3449222, at * 1 (2d Cir. Sept. 3, 2010) (finding that a delay of nearly six (6) months supported dismissal under Rule 41(b)); Nolan v. Primagency, Inc., 344 Fed. Appx. 693, 694 (2d Cir. Sept. 2, 2009) (recognizing that a six (6) month delay in prosecuting an action is adequate to warrant dismissal under Rule 41(b)); Coats v. Department of Veteran Affairs, 268 Fed. Appx. 125, 127 (2d Cir. Mar. 11, 2008) (holding that delays in prosecuting of six (6) to (7) months are "significant" under Rule 41(b)); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-67 (2d Cir. 1980) (rejecting the plaintiff's contention that dismissal was too harsh a remedy for his failure to comply with court orders "given his complete intransigence" for a period of six (6) months). Here, plaintiff has not communicated with the Court, cooperated with his counsel, participated in any pretrial conference or taken any steps to prosecute this action for nearly six (6) months, nor has he complied with any scheduling or pretrial order issued by this Court since the inception of this case or opposed this Court's order to show cause, his counsel's motions to withdraw or defendant's motion to dismiss. Accordingly, the duration of plaintiff's failure to prosecute and to comply with the Court's orders weighs in favor of dismissal.

2. Notice

Plaintiff was expressly notified that his failure to prosecute this action or to appear at the rescheduled pretrial conference would result in dismissal of this action with prejudice by

defendant's motion seeking dismissal of this action, which plaintiff failed to oppose. Accordingly, this factor also weighs in favor of dismissal.

### 3. Prejudice and Docket Management

This action cannot proceed at all unless plaintiff, *inter alia*, appears at scheduled conferences and proceeds with discovery. The Second Circuit has held that when a plaintiff unreasonably delays in prosecuting an action, prejudice to the defendant may be presumed. See Murray v. New York City Department of Corrections, 298 Fed. Appx. 62, 63 (2d Cir. Oct. 29, 2008); Coats, 268 Fed. Appx. at 127 (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)); Peters-Turnbull, 7 Fed. Appx. at 110.

Plaintiff has not provided any explanation for his failure to prosecute, or cooperate in the prosecution of, this action, e.g., in failing to oppose defendant's motion to dismiss and his counsel's motions to withdraw, to communicate with defense counsel and the Court, to appear for conferences, to comply with discovery orders, etc. Accordingly, prejudice to defendant may be presumed.

In addition, "[i]t is not an efficient use of the Court's... resources to permit this case to languish on the docket in the hope that plaintiff will []appear in the future.'" Alomar v. FNU Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Davison v. Grillo, No. 05 CV 4960, 2006 WL 2228999, at * 2 (E.D.N.Y. Aug. 3, 2006)). Accordingly, both the "prejudice to defendant" and "balancing of the court's interest in managing its docket" factors weigh in favor of dismissal. See, e.g. Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 (E.D.N.Y. Aug. 19, 2009) (finding that although the Court was unaware of any specific

prejudice to the defendants resulting from the plaintiff's delay, "no sanction less than dismissal [would] alleviate the prejudice to defendants of continuing to keep [the] action open, and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases.")

4. Availability of a Lesser Sanction

Although dismissal may be a "harsh remedy" to be exercised sparingly, see Lewis, 564 F.3d at 575-6; Agiwal, 555 F.3d at 302, no sanction "less draconian than dismissal," Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000), is available or would be effective in this case in light of plaintiff's complete failure to prosecute, or cooperate in the prosecution of, this action; to comply with the Court's orders; to oppose defendant's motion to dismiss and his counsel's motions to withdraw; to participate in pretrial conferences; or to otherwise communicate in any way with the Court since his counsel first sought withdrawal. Those failures by plaintiff not only demonstrate that lesser sanctions would be ineffective, see, e.g. Brow, 2010 WL 3449222, at * 1, but also evidence plaintiff's willfulness, bad faith or fault.

For all of the foregoing reasons, the branch of defendant's cross motion seeking dismissal of this action in its entirety is granted and the amended complaint is dismissed in its entirety with prejudice.

B. Sanctions pursuant to 28 U.S.C. § 1927

28 U.S.C. § 1927 provides, in relevant part, that "[a]ny attorney * * * who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 authorizes the imposition of sanctions only when there is a finding of conduct constituting or akin to bad faith." State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004) (quotations and citation omitted); see also Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000) ("[T]he imposition of sanctions under § 1927 requires a clear showing of bad faith on the part of an attorney * * *." (quotations and citation omitted)); Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000) ("Bad faith is the touchstone of an award under [Section 1927]." (quotations and citation omitted)). "[B]ad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Salovaara, 222 F.3d at 35 (quotations and citation omitted); see also Johnson v. University of Rochester Medical Center, 642 F.3d 121, 125 (2d Cir. 2011) (quotations and citation omitted). Thus, to impose sanctions under Section 1927, the court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Revson, 221 F.3d at 79 (quotations and citation omitted).

There is no clear evidence in this proceeding that the amended complaint filed by K&M was entirely meritless nor that K&M acted for an improper purpose in filing the amended complaint. Accordingly, the branch of defendant's cross motion seeking sanctions against K&M is denied.

III.    CONCLUSION

For all of the foregoing reasons: (1) K&M's and Zore-Smrek's motions to withdraw as

9

counsel for plaintiff are granted; (2) the branch of defendant's motion seeking dismissal of this action is granted and this action is dismissed in its entirety with prejudice pursuant to Rules 16(f), 37(b) and 41(b) of the Federal Rules of Civil Procedure; and (3) defendant's cross motion is otherwise denied. The Clerk of the Court is directed to enter judgment in favor of defendant, to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff *pro se* at his last known address.

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: May 15, 2012
       Central Islip, New York